IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERRICK PEREZ SCOTT,           )
                               )
        Plaintiff,             )
                               )
    v.                         )      1:21CV242
                               )
FULL HOUSE MARKETING, INC.,    )
                               )
        Defendant.             )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before this court is a Motion to Dismiss Second Amended Complaint, (Doc. 25), filed by Defendant Full House Marketing, Inc. ("Defendant"). Defendant moves to dismiss for lack of subject matter jurisdiction and for failure to join a necessary party. (Id.) Plaintiff Derrick Perez Scott ("Plaintiff") responded, (Doc. 28), and Defendant replied, (Doc. 29). For the reasons that follow, this court will deny Defendant's Motion to Dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

   **A. Factual Background**

The allegations in the Second Amended Complaint, viewed in the light most favorable to Plaintiff, as the non-moving party, are as follows:

Defendant is an employment agency that offers marketing, training, and staffing support for residential property management organizations. (Second Am. Compl. (Doc. 23) ¶ 1.) As part of its hiring process, Defendant conducts background checks on applicants. (Id. ¶ 2.) Defendant uses a third-party consumer reporting agency, Resolve Partners, LLC ("Resolve"), to obtain information on applicants. (Id. ¶ 14.) Resolve then provides that information to Defendant in the form of a Background Screening Report. (Id.)

Employers who use "consumer reports," including background checks, for employment purposes must comply with several requirements under the Fair Credit Reporting Act ("FCRA"). (See id. ¶¶ 17–18 (citing 15 U.S.C. §§ 1681a, 1681b.) Relevant to this case, an employer must comply with the pre-adverse action notice requirement. (Id. ¶¶ 18–19.) "[B]efore taking any adverse action based in whole or in part on the report" an employer must "provide to the consumer to whom the report relates—(i) a copy of the report; and (ii) a description in writing of the rights of the consumer." 15 U.S.C. § 1681b(b)(3).

In March 2019, Plaintiff applied for employment with Defendant. (Second Am. Compl. (Doc. 23) ¶ 30.) Plaintiff authorized Defendant to procure a Background Screening Report. (Id. ¶ 32.) On March 15, 2019, Resolve sent Plaintiff a Pre-

Adverse Action Notice with a summary of Plaintiff's FCRA rights but did not include a copy of Plaintiff's consumer report. (Id. ¶ 33.) On March 27, 2019, Plaintiff received a text message from Defendant's Talent Recruiter stating that Plaintiff did not meet Defendant's guidelines for employment. (Id. ¶ 34.) Five weeks later, Plaintiff learned that the Background Screening Report contained inaccurate information about Plaintiff, namely that he had been previously charged with six felonies and misdemeanors. (Id. ¶ 40.) In reality, those charges were associated with a Derrick Lee Scott. (Id.) Plaintiff alleges as a result of Defendant's actions, he lost an employment opportunity and suffered damages in the form of wage loss and emotional distress. (Id. ¶ 41.)

### B. Procedural Background

Plaintiff filed a Complaint against Defendant, alleging a violation of the FCRA's pre-adverse action notice requirements under 15 U.S.C. § 1681b(b)(3)(A)(i). (Compl. (Doc. 1) ¶¶ 51–56.) Plaintiff amended his Complaint twice. (First Am. Compl. (Doc. 12); Second Am. Compl. (Doc. 23).)

Defendant moved to consolidate this case with Scott v. Resolve Partners, LLC, 1:19CV1077 (M.D.N.C.) ("Scott I"), (Doc. 19), which this court granted, and ordered the two cases

be consolidated for discovery and trial, (Minute Entry 09/13/2021).

Defendant then filed a Motion to Dismiss Second Amended Complaint, (Doc. 25), and a brief in support of its motion, (Mem. of Law in Supp. of Mot. to Dismiss Second Am. Compl. ("Def.'s Br.") (Doc. 26)). Plaintiff responded, (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss Second Am. Compl. ("Pl.'s Resp.") (Doc. 28)), and Defendant replied, (Doc. 29). This matter is ripe for adjudication.

## II. ANALYSIS

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendant moves to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing Plaintiff lacks standing. (Def.'s Br. (Doc. 26) at 5.)

#### 1. Standard of Review

Under Rule 12(b)(1), a plaintiff must prove by a preponderance of the evidence the existence of subject-matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009). A defendant may challenge subject-matter jurisdiction facially or factually. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). In a facial challenge, a defendant asserts that the allegations, taken as true, are insufficient to establish subject-matter jurisdiction.

-4-

Id. The court then effectively affords a plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration," taking the facts as true and denying the Rule 12(b)(1) motion if the complaint "alleges sufficient facts to invoke subject-matter jurisdiction." Id. Here, Defendant asserts a facial challenge to Plaintiff's standing. (Def.'s Br. (Doc. 26) at 6.)

### 2. Analysis

Defendant argues Plaintiff "has failed to articulate any injury" because an informational injury cannot confer Article III standing. (Id. at 7, 9-10.) Plaintiff responds, "that the denial of access to statutorily-required information is a concrete harm giving rise to Article III standing," and that "multiple courts embrace such informational injuries under the FCRA." (Pl.'s Resp. (Doc. 28) at 9-10 (citations omitted).)

To establish standing under Article III of the Constitution, a plaintiff must show: "(1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 207 (4th Cir. 2017). "To establish injury in fact, a plaintiff must show that he . . . suffered 'an invasion of a legally protected interest' that is 'concrete and

-5-

particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

In Spokeo, the Supreme Court made clear that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. at 341. Even then, "Article III standing requires a concrete injury." Id. A plaintiff must allege a statutory violation caused him to suffer some harm that "actually exist[s]" in the world; the injury must be "real" and not "abstract" or merely "procedural." Id. at 340-41 (internal quotation marks omitted). The Court in Spokeo reasoned that under the FCRA, "dissemination of an incorrect zip code, without more," would not amount to "any concrete harm." Id. at 342. In other words, even when a statute has allegedly been violated, Article III requires such violation to have caused some real, as opposed to purely legal, harm to the plaintiff. See Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, 347 (4th Cir. 2017) (holding consumer reporting agency listing the former, rather than current, owner of the consumer's debt was not a concrete

injury, and thus there was no injury-in-fact to confer Article III standing).

Defendant relies on the recent Supreme Court opinion TransUnion LLC v. Ramirez, ____ U.S. ____, 141 S. Ct. 2190 (2021), in support of its argument that "Plaintiff's allegations do not constitute an injury in fact sufficient to give him standing to sue." (Def.'s Br. (Doc. 26) at 8.) However, this court finds Ramirez bolsters, rather than defeats, Plaintiff's standing.

The Supreme Court in Ramirez dealt with whether a consumer reporting agency violated the FCRA by failing to use reasonable procedures to ensure the accuracy of its credit files, and whether the agency violated the disclosure and summary-of-rights requirements. 141 S. Ct. at 2202. For 1,853 class members, the agency provided misleading credit reports stating that the plaintiffs were "potential terrorists, drug traffickers, or serious criminals." Id. at 2209. In analyzing those plaintiffs' standing to bring a reasonable procedures claim under the FCRA, the Court concluded that those plaintiffs suffered a concrete injury in fact under Article III, comparing those plaintiffs' injuries to an injury like defamation. Id. However, for the plaintiffs whose information was not provided externally, the Court found those plaintiffs did not suffer a concrete injury

because "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." Id. at 2210, 2212.

Additionally, when analyzing whether the plaintiffs had standing to bring a disclosure claim and a summary-of-rights claim under the FCRA, the Court held that only the named plaintiff, Ramirez, had standing because he was the only plaintiff who opened the mailings from the agency with incorrect information. Id. at 2213. The Court reasoned the other plaintiffs lacked standing because they "have identified no 'downstream consequences' from failing to receive the required information. They did not demonstrate, for example, that the alleged information deficit hindered their ability to correct erroneous information before it was later sent to third parties." Id. at 2214 (internal quotation omitted).

Like Ramirez, Plaintiff has alleged "downstream consequences" from the failure to receive a copy of his consumer report. Defendant was required under the FCRA to provide Plaintiff with a copy of his consumer report, but it failed to do so. (Second Am. Compl. (Doc. 23) ¶ 37.) Because Plaintiff never received a copy, he had no reason to know that Defendant had incorrect information about him. (Id. ¶ 38.) Thus, his "ability to correct erroneous information" was "hindered."

Ramirez, 141 S. Ct. at 2214. Defendant's failure to provide Plaintiff with a copy of his consumer report was material; it ultimately prevented him from being hired by Defendant because it showed he had a criminal history. (Id. ¶¶ 34, 36.) Plaintiff has alleged he suffered real harm as a result of Defendant's failure to provide him a copy of his consumer report prior to taking adverse action: "Plaintiff lost an employment opportunity and suffered actual damages, including wage loss and emotional distress, including embarrassment, frustration, and humiliation." (Id. ¶ 41.) This court finds Plaintiff has sufficiently alleged he suffered an injury-in-fact that is concrete and particularized. Accordingly, this court will deny Defendant's Motion to Dismiss for lack of subject-matter jurisdiction.

## B. Motion to Dismiss for Failure to Join a Party

Defendant also moves to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(7), arguing Plaintiff failed to join Resolve as a necessary party. (Def.'s Br. (Doc. 26) at 10–11.)

### 1. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(7), an action may be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "The moving party on a Rule 12(b)(7)

motion to dismiss bears the burden of showing that an absent party is necessary and indispensable pursuant to Rule 19." Landress v. Tier One Solar LLC, 243 F. Supp. 3d 633, 639 (M.D.N.C. 2017) (citing Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005)). First, the court must determine whether the absent party is a required party and should be joined as a party using the criteria set forth in Rule 19(a). Id. Then, if the court determines the absent party is a required party, but feasibly cannot be joined, "the court must then determine whether, under Rule 19(b), the absent party is indispensable such that the action cannot proceed in that party's absence." Id.; accord Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc. 210 F.3d 246, 249 (4th Cir. 2000) ("First, the district court must determine whether a party is 'necessary' to the action under Rule 19(a). If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." (footnote omitted)). "Only necessary persons can be indispensable, but not all necessary persons are indispensable." Schlumberger Indus., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1285–86 (4th Cir. 1994) (citing Fed. R. Civ. P. 19(b)). "Generally, 'courts are extremely reluctant to grant motions to dismiss based on nonjoinder, and dismissal will be

ordered only when the defect cannot be cured, and serious prejudice or inefficiency will result.'" Landress, 243 F. Supp. 3d at 639 (quoting RPR & Assocs. v. O'Brien/Atkins Assocs., P.A., 921 F. Supp. 1457, 1463 (M.D.N.C. 1995), aff'd, 103 F.3d 120 (4th Cir. 1996)); Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999) ("Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result.").

### 2. Analysis

Under Rule 19(a)(1), a person is a "required party" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "Thus, Rule 19(a)(1)(A) focuses on the relief to existing parties, whereas Rule 19(a)(1)(B) focuses on the interest of the absent person and the effect, if any, his absence would have on either himself or the existing

-11-

parties." <u>Pettiford v. City of Greensboro</u>, 556 F. Supp. 2d 512, 517 (M.D.N.C. 2008).

### a. <u>Rule 19(a)(1)(A) Analysis</u>

Defendant raises several arguments as to why Resolve is a necessary and indispensable party to this lawsuit under Rule 19(a)(1)(A). First, Defendant points to the similarity of Plaintiff's claim against Resolve in Scott I and the claim asserted against Defendant in this case. (Def.'s Br. (Doc. 26) at 11 ("The claims in both Scott I and Scott II are based on the same operative facts, and both cases seek damages for the same harm.").) However, Defendant cites no law that a non-party is necessary simply because the underlying facts are similar in two cases brought by a plaintiff. Contrary to Defendant's assertion that "both cases seek damages for the same harm," (<u>id.</u>), the two cases seek relief for alleged violations of two different FCRA provisions. Scott I alleged a claim under 15 U.S.C. § 1681e(b), (Doc. 9-1 ¶¶ 41–49), while this case alleges a claim under § 1681b(b)(3)(A)(i), (Second Am. Compl. (Doc. 23) ¶¶ 51–56).

Next, Defendant argues that Resolve is necessary because the FCRA provision allegedly violated in this case, § 1681b(b)(3)(A), applies to both prospective employers and the consumer reporting agency that provided the negative information. (Def.'s Br. (Doc. 26) at 12.) Defendant relies on

Goode v. LexisNexis Risk Analytics Grp., Inc., 848 F. Supp. 2d 532 (E.D. Pa. 2012) in support of that argument. (Def.'s Br. (Doc. 26) at 12.) However, Goode did not deal with a motion to dismiss under Rule 12(b)(7) for failure to join a party. Although the court in Goode found that "[n]othing in the text of § 1681b(b)(3)(A) excludes defendant, as a [consumer reporting agency], from its scope," 848 F. Supp. 2d at 542, the court did not analyze whether a consumer reporting agency is a required party under Rule 19. Defendant offers no case holding a consumer reporting agency is a required party under Rule 19. This court finds that just because a claim could be brought against a consumer reporting agency does not mean the claim must be brought against the consumer reporting agency.

    Defendant further argues that this court cannot accord complete relief among the existing parties because "to the extent that there are damages, Resolve is at least as liable for them as [Defendant]." (Def.'s Br. (Doc. 26) at 13.) Plaintiff responds that "Defendant's argument that Resolve Partners is 'at least as liable' for Plaintiff's damages as Defendant is incorrect. Pursuant to the holding in Goode, Resolve Partners cannot be held liable for violating § 1681b(b)(3)(A) because at no point did it take adverse employment action against Plaintiff." (Pl.'s Resp. (Doc. 28) at 22.)

-13-

This court agrees with Plaintiff. In Goode, the consumer reporting agency assigned "adjudication scores" based on a person's background check, including criminal activity. 848 F. Supp. 2d at 535. That adjudication score was then used by employers to determine employment decisions. Id. The court in Goode held that the consumer reporting agency's actions were an "adverse action" under the FCRA, and therefore the plaintiffs had sufficiently alleged a viable claim under § 1681b(b)(3)(A) against the consumer reporting agency. Id. at 538-42. Although under the FCRA "any action taken based on [a] [consumer] report that is adverse to the interests of the consumer triggers the adverse action notice requirements," H.R. Rep. No. 103-486, at 33 (1994), Plaintiff does not allege that Resolve took any adverse action against him. Whereas the consumer reporting agency in Goode took adverse action against the plaintiffs by assigning them adjudication scores, in this case Plaintiff alleges that it was "Defendant [who] took adverse action against Plaintiff based in whole or in part on the contents of his Background Screening Report, which was prepared by non-party Resolve Partners." (Second Am. Compl. (Doc. 23) ¶ 36.) Simply preparing a consumer report is not an "adverse action" under the FCRA. Cf. Ridenour v. Multi-Color Corp., 147 F. Supp. 3d 452, 456-57 (E.D. Va. 2015) (denying motion to dismiss where the

-14-

plaintiff alleged that either the consumer reporting agency or the employer, or both, used the consumer report to reject the plaintiff's employment application). Therefore, this court is unpersuaded by Defendant's argument that Resolve is a necessary party because it is "at least as liable" as Defendant.

### b. Rule 19(a)(1)(B) Analysis

Defendant further argues Resolve is a necessary party under Rule 19(a)(1)(B) because "Resolve is defending a case brought against it by the same Plaintiff seeking damages resulting from the same conduct as here. By defending that case, it has claimed its interest in this one." (Def.'s Br. (Doc. 26) at 14.) This court finds this argument unpersuasive.

Unlike the alleged facts in this case, in the cases relied upon by Defendant, the non-party and the plaintiff had a prior relationship that connected the non-party to the current case. In Gunvor SA v. Kayablian, the plaintiff had entered into contracts with the non-party but was seeking damages from the defendants for the non-party's "alleged failure to perform under those contracts." 948 F.3d 214, 221 (4th Cir. 2020). Likewise, in Ohio Valley Environmental Coalition, Inc. v. Hobet Mining, LLC, the non-party had negotiated a settlement agreement concerning two permits which were the subject of a lawsuit before the court, and although those permits were "at the heart

-15-

of th[e] matter," the court ultimately held that the non-party was not a necessary party. 723 F. Supp. 2d 886, 915–16 (S.D.W. Va. 2010). Here, Plaintiff has no prior relationship with Resolve, other than suing Resolve for separate FCRA violations, see Scott v. Resolve Partners, LLC, No. 1:19CV1077 (M.D.N.C.), such that Resolve's presence is necessary in this case.

Further, to the extent Defendant is concerned it will face "double, multiple, or otherwise inconsistent obligations," Fed. R. Civ. P. 19(a)(1)(B)(ii), this court finds any danger of that is remedied by the consolidation of this case with Scott I. Moreover, as explained earlier, supra Part II.B.2.a, Plaintiff is not seeking recovery under the same provisions of the FCRA in Scott I and this case. Defendant fails to offer any persuasive argument that Plaintiff cannot recover under both §§ 1681e(b) and 1681b(b)(3)(A)(i). Because Plaintiff can recover under both provisions, there is no danger of double obligations. Cf. Dalton v. Cap. Associated Indus., Inc., 257 F.3d 409, 412-13 (4th Cir. 2001) (allowing the plaintiff to bring FCRA claims under §§ 1681e(b) and 1681k for following inadequate procedures in reporting the plaintiff's criminal history despite violations arising out of same factual circumstances).

Because Defendant has not met its burden to establish that Resolve is a required party under Rule 19(a) based on the facts

alleged in the Second Amended Complaint, this court "need not address whether [Resolve] can be joined or, if [it] cannot, whether the action should proceed without [it]. Should the circumstances appear otherwise as the factual record is developed, th[is] [c]ourt can reconsider the question." Dillon v. BMO Harris Bank, N.A., 16 F. Supp. 3d 605, 615 (M.D.N.C. 2014). Accordingly, this court will deny Defendant's Motion to Dismiss for failure to join a party.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Second Amended Complaint, (Doc. 25), will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Second Amended Complaint, (Doc. 25), is **DENIED.**

This the 4th day of March, 2022.

_____
United States District Judge

-17-

Case 1:21-cv-00242-WO-JLW   Document 41   Filed 03/04/22   Page 17 of 17