IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DERRICK PEREZ SCOTT, Plaintiff, | ) | |
| v. | ) | 1:21-cv-242 |
| FULL HOUSE MARKETING, INC., Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Before this court is Defendant Full House Marketing, Inc.'s Motion for Costs and Fees. (Doc. 105.) This case was called for a jury trial beginning on June 4, 2024. (See Minute Entry 05/28/2024; Minute Entry 06/04/2024.) The jury reached a verdict in favor of Defendant Full House Marketing, Inc. ("Defendant"), (Doc. 102 at 2)[1], on June 6, 2024, and a judgment consistent with that verdict was entered, (Doc. 104). Defendant now moves for an award of attorneys' fees under 15 U.S.C. § 1681n(c) and 28 U.S.C. § 1927. (Doc. 105; Doc. 106 at 14.) For the reasons stated herein, Defendant's motion will be denied.

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

## I. **FACTUAL BACKGROUND**

A summary of the key facts is set forth below, and additional facts will be addressed as necessary throughout this opinion.

Defendant Full House Marketing, Inc., is an employment agency that provides marketing, training, and staffing support for residential property management organizations. (Ex. 1, Decl. of Rebecca Rosario ("Rosario Decl.") (Doc. 51-1) ¶ 3.) As part of its hiring process, Defendant uses background checks, or "consumer reports." (See id. ¶ 14.) Defendant retained a third-party consumer reporting agency, Resolve Partners, LLC ("Resolve"), to prepare consumer reports and send pre-adverse action letters to applicants. (Id. ¶ 14.)

Plaintiff initially applied for employment with Defendant in January 2019, but did not hear back. (Ex. A, First Dep. of Derrick Perez Scott ("Scott Dep. 1"), Scott v. Resolve Partners, LLC, No. 1:19-cv-1077, (M.D.N.C.), ECF No. 105-1 at 44–45.) Plaintiff applied again for a job with Defendant as a leasing agent on March 15, 2019. (Rosario Decl. (Doc. 51-1) ¶ 6; Ex. 4, Second Deposition of Derrick Perez Scott ("Scott Dep. 2") (Doc. 51-4) at 13.) Plaintiff authorized Defendant to obtain a consumer report for hiring purposes, which included a criminal background check. (Scott Dep. 2 (Doc. 51-4) at 90-91.) Resolve

prepared an employment report for Defendant which contained inaccurate information about Plaintiff, namely that he had been previously charged with three criminal offenses. (Ex. A, 30(b)(6) Deposition of Rebecca Rosario on Behalf of Full House Marketing, Inc. ("Rosario Dep.") (Doc. 61-2) at 31–32.) In reality, these charges were associated with a different individual with a similar name and the same date of birth, Derrick Lee Scott. (Id.; Scott Dep. 2 (Doc. 51-4) at 75–76.) On March 27, 2019, Resolve completed Plaintiff's report and shared it with Defendant. (Rosario Dep. (Doc. 61-2) at 49.) Defendant did not hire Plaintiff in March. (Scott Dep. 2 (Doc. 51-4) at 44; Rosario Dep. (Doc. 61-2) at 14.)

Plaintiff applied again on May 5, 2019. (Rosario Dep. (Doc. 61-2) at 15.) In reviewing Plaintiff's May application, Defendant used the same inaccurate report from March. (Ex. E, Deposition of Simone Salazar ("Salazar Dep."), Scott v. Resolve Partners, LLC, No. 1:19-cv-1077, (M.D.N.C.) ECF No. 105-5 at 237.) On May 6, 2019, one of Defendant's employees, Laurisa Brooks, who had been communicating with Plaintiff about his application, terminated the hiring process and explained that his background was not within Defendant's guidelines. (Scott Dep. 2 (Doc. 51-4) at 219—20.) Plaintiff replied, "Can you tell me why?", and Defendant instructed him to direct any questions

to Resolve. (Ex. F ("Text Message") (Doc. 55-7) at 2.) That same day, Plaintiff contacted Resolve, and Resolve sent Plaintiff an email with a copy of his inaccurate consumer report. (Ex. G ("May 6, 2019 Letter") (Doc. 55-8) at 2, 6–12.) On May 7, 2019, Plaintiff contacted Resolve to dispute his report. (Salazar Dep. (Doc. 105-5) at 217.) Resolve removed the criminal charges from Plaintiff's report, and on May 31, 2019, Resolve emailed Plaintiff a copy of his corrected report. (Id. at 223.)

## II. PROCEDURAL HISTORY

On March 25, 2021, Plaintiff filed a complaint against Defendant alleging a willful violation of 15 U.S.C. § 1981b(b)(3)(A)(i). (Compl. (Doc. 1) at 11.) On June 25, 2021, Plaintiff filed a first amendment complaint that contained similar allegations. (First Am. Compl. (Doc. 9) at 16–19.) Pursuant to Federal Rule of Civil Procedure 42(a), Defendant filed a motion to consolidate Plaintiff's lawsuit against Defendant with a separate lawsuit arising from the same set of facts that Plaintiff had commenced against Resolve, (Scott v. Resolve Partners, LLC, 1:19-cv-1077). (Mot. To Consolidate (Doc. 19).) On September 13, 2021, this court orally granted that motion and ordered the two cases consolidated for the purposes of discovery and trial. (See Minute Entry and Oral Order entered on 09/13/2021.)

On September 16, 2023, Plaintiff filed a second amended complaint alleging a willful or, in the alternative, negligent violation of 15 U.S.C. § 1681b(b)(3)(A). (Second Am. Compl. (Doc. 23) at 18.) Defendant filed a motion for summary judgment, (Full House Marketing, Inc.'s Mot. for Summ. J. (Doc. 51)), and a motion for Rule 11 Sanctions, (Mot. for Rule 11 Sanctions (Doc. 53)). Plaintiff moved for partial summary judgment, (Pl.'s Mot. for Partial Summ. J. Re. Def. Full House Marketing, Inc.'s Liability as to Count I of the Second Am. Compl. (Doc. 55)). This court denied both parties' motions for summary judgment and Defendant's motion for sanctions on March 4, 2024. (Doc. 77.)

Beginning on June 4, 2024, a three-day jury trial was held. (See Minute Entry 06/04/2024; Minute Entry 06/05/2024; Minute Entry 06/06/2024.) On June 6, 2024, Defendant Full House Marketing, Inc. moved for a directed verdict, and this court granted that motion as to willfulness and denied it as to the question of whether Defendant had committed a negligent violation of 15 U.S.C. 1681b(b)(3)(A). (See Minute Entry and Oral Order entered 06/06/2024.) The jury returned a verdict in favor of Defendant on that same day.[2] (Verdict (Doc. 102) at 2.)

[2] The jury found in favor of Plaintiff as to its negligence claim against Resolve. (Verdict (Doc. 102, at 1–2.)

On November 8, 2024, Defendant filed a motion for costs and fees, (Mot. for Fees and Costs (Doc. 105)), and filed a brief in support, (Def.'s Br. (Doc. 106)), along with the declarations of James White, (White Decl. 1 (Doc. 107)), and Dhamian Blue, (Blue Decl. (Doc. 108)). Plaintiff filed a response in opposition to Defendant's motion, (Pl.'s Br. (Doc. 111)), and filed the declaration of Hans W. Lodge in support, (Lodge Decl. (Doc. 112)). Defendant filed a reply, (Def.'s Reply (Doc. 113), along with a copy of correspondence between Mr. White and Mr. Lodge, (White Decl. 2 (Doc. 114)).

## III. ANALYSIS

### A. Section 1681n(c)

Defendant moves for an award of attorneys' fees pursuant to 15 U.S.C. §1681n(c) of the Fair Credit Reporting Act ("FCRA"). (Mot. for Fees and Costs (Doc. 105).) Defendant contends that "it is entitled to reasonable attorney's fees and costs incurred in defending against the unmeritorious claims brought by Plaintiff." (Def's Br. (Doc. 106) at 5.)

15 U.S.C. § 1681n(c) is one of two provisions in the FCRA that provide for an award of reasonable attorneys' fees to the prevailing party upon a court's finding that an unsuccessful pleading, motion or other paper was filed in bad faith or for the purpose of harassment. See 15 U.S.C §§ 1681n(c), 1681o(b).

To be awarded attorney's fees under § 1681n(c), the moving party must establish "bad faith." Penshiaku v. Wells Fargo Bank, Nat'l Ass'n, No. 5:20-cv-14, 2020 WL 2841782, at *2 (E.D.N.C. June 1, 2020). While "bad faith" is not expressly defined under the FCRA, courts define it according to its ordinary usage in the attorney's fees context, that is, it "requires a showing either that the party subjectively acted in bad faith — knowing that he had no claim — or that he filed an action or paper that was frivolous, unreasonable or without foundation." Scott v. Mercedes-Benz Fin. Servs. USA LLC, No. 3:22-cv-345, 2023 WL 7926814, at *3 (W.D.N.C. Nov. 16, 2023) (quoting Clemons v. Cutler Ridge Auto., LLC, No. 6-21648-CIV-KING/BANDSTRA, 2008 WL 11409007, at *4 (S.D. Fla. June 24, 2008)); see also Penshiaku, 2020 WL 2841782, at *2. "Bad faith is 'not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Shah v. Collecto, Inc., No. Civ.A.2004-4059, 2005 WL 2216242, at *14 (D. Md. Sep. 12, 2005) (quoting Black's Law Dictionary 139 (6th ed. 1990)). Whether the non-moving party acted in bad faith is a "fact-intensive" inquiry. Id. (quoting Chaudry v. Gallerizzo, 174 F.3d 394, 411 (4th Cir. 1999)).

The moving party must also show that "bad faith" at the time of filing. Penshiaku, 2020 WL 2841782, at *3; Rogers v. Johnson-Norman, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) (§ 1681n(c) "requires a showing that a document was filed in bad faith" (quoting Ryan v. Trans Union Corp., No. 99-216, 2001 WL 185812, at *6 (N.D. Ill. Feb. 25, 2001)). In other words, in determining whether to award attorneys' fees under this provision, a court "must focus on the plaintiff's mental state at the time of filing." Thomas v. Bank of America, N.A., No. 1:11CV606, 2012 WL 263497, at *3 (M.D.N.C. Jan. 30, 2012); Letren v. Trans Union, LLC, No. PX 15-3361, 2017 WL 4098743, at *1 n.1 (D. Md. Sep. 15, 2017, aff'd, 770 F. App'x 95 (4th Cir. 2019).

Here, Defendant contends that it is entitled to an award of attorneys' fees because Plaintiff filed in bad faith his original complaint, first amended complaint, and second amended complaint. (Def.'s Br. (Doc. 106) at 5.) Defendant argues that Plaintiff acted in "bad faith" because Plaintiff fabricated his background on his resume and based his claim on "falsified 'facts'" such that Plaintiff "knew — or easily could have known — that the central allegations . . . were without merit." (Id. at 3, 5.)

Defendant made a similar argument earlier in the case when filing for summary judgment and Rule 11 sanctions. (See Mem. In

Supp. of Mot. for Summ. J. (Doc. 52) at 1-2; Mem. in Supp. of Mot. for Rule 11 Sanctions (Doc. 54) at 5.) In ruling on those motions, this court found that Plaintiff "produced sufficient evidence to create a genuine dispute of material fact as to whether Defendant sent Plaintiff a copy of his consumer report in March," (Mem. Op. & Order (Doc. 77) at 56.); therefore, Rule 11 "[s]anctions were not warranted because Plaintiff's allegations have at least some factual basis," (id.). While that decision was made under a slightly different legal standard, that of Fed. R. Civ. P. 11 rather than 15 U.S.C § 1681n(c), it nonetheless makes clear that this court has previously found Plaintiff's claims had some merit and were not filed in bad faith. Penshiaku, 2020 WL 2841782, at *2 (quoting Thomas, 2021 WL 263479, at *3).

Defendant now argues that the jury verdict in its favor, (Verdict (Doc. 102) at 2), and this court's decision to grant a directed verdict on the issue of a willful violation of the FCRA, (see Docket Minute Entry 06/06/2024), support a finding of bad faith under § 1681n(c). However, the bad faith analysis under this provision focuses on Plaintiff's mental state at the time of filing. Letren, 2017 WL 4098743, at *1, n.1; see also Rogers, 514 F. Supp. 2d at 52; Thomas, 2012 WL 263497, at *3. This court's denial of Defendant's motions for summary judgment

and Rule 11 sanctions support the conclusion that Plaintiff did not file his claims in bad faith, and those claims had some merit at the time they were filed; and the fact that Plaintiff did not succeed at trial does not now mean that Plaintiff's claims were without merit from the start. See Rogers, 514 F. Supp. 2d at 52 ("It is not enough to show that the 'pleading, motion, or other paper' in question 'later turned out to be baseless.'" (quoting Ryan, 2001 WL 185182, at *6)).

As the party moving for attorneys' fees under § 1681n(c), Defendant bears the burden of proving that Plaintiff filed his complaints in bad faith. Penshiaku, 2020 WL 2841782, at *2–3. To do so, Defendant needs to show more than that Plaintiff acted with poor judgment or negligently in filing his complaints; Defendant needs to show that when he filed, Plaintiff was "conscious[ly] doing . . . a wrong because of a dishonest purpose or moral obliquity." Shah, 2005 WL 2216242, at *14 (quoting Black's Law Dictionary 139 (6th ed. 1990)). This court finds that Defendant has failed to meet this burden. Accordingly, this court will deny Defendant's motion for an award of attorneys' fees under Section 1681n(c).

**B. Section 1927**

Defendant also moves for an award of attorneys' fees pursuant to 28 U.S.C. § 1927. Defendant argues that Plaintiff's

counsel should be liable for attorneys' fees because "counsel's conduct . . . prolong[ed] litigation unnecessarily." (Def.'s Reply (Doc. 113) at 2.)

28 U.S.C. § 1927 provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Fourth Circuit has explained that Section 1927, like Rule 11 and the court's "inherent powers," "permit[s] awards of attorneys' fees against attorneys whose actions compromise standards of professional integrity and competence." In re Crescent City Ests., LLC, 588 F.3d 822, 831 (4th Cir. 2009).

The standard for imposing sanctions on legal judgment is high. Id. at 830. "Generally, an attorney is held liable in a representational capacity only when he engages in misconduct — not for legal judgments." Id. Like, 15 U.S.C. § 1681n(c), Section 1927 requires showing "an element of bad faith." Harvey v. Cable News Network, Inc., 48 F.4th 257, 277–78 (4th Cir. 2022). "An award of costs, expenses, and attorney's fees pursuant to § 1927 is compensatory in nature — not punitive," and "[i]t requires the court to show a causal link between wrongful conduct and an unreasonable and vexatious

multiplication of proceedings, then to connect the costs wrongfully incurred as a result of the sanctioned attorney's conduct to the amount awarded to the moving party." Six v. Generations Fed. Credit Union, 891 F.3d 508, 520 (4th Cir. 2018).

Here, Defendant contends that Plaintiff's counsel should be liable under Section 1927 for "prolonging litigation unnecessarily." (Def.'s Reply (Doc. 113) at 2; see Def.'s Br. (Doc. 106) at 14.) Defendant's primary support for this argument is that Plaintiff's attorney was aware of "clear evidence" that Plaintiff's claims lacked merit but "refused to dismiss or narrow the case." (Def.'s Reply (Doc. 113) at 2–3.) According to Defendant, Plaintiff's counsel unnecessarily prolonged litigation by rejecting a settlement offer and continuing to "press claims through summary judgment and trial, despite evidence discrediting Plaintiff's central allegations." (Id. at 3.) This, Defendant asserts, constitutes the sort of "unreasonable and vexatious litigation practices" contemplated by Section 1927. (Id.)

This court denied Defendant's prior Rule 11 motion wherein Defendant similarly argued that it was unreasonable for Plaintiff's counsel to not "dismiss the complaint after it became apparent that there was no valid basis for proceeding."

(Mot. for Rule 11 Sanctions (Doc. 53) at 1; Mem. Op. & Order (Doc. 77) at 55.) In doing so, this court explained that Plaintiff had produced sufficient evidence to survive summary judgment, and, thus, Plaintiff's claim had "at least some factual basis." (Mem. Op. & Order (Doc. 77) at 56.) Then, at the close of Plaintiff's case in chief, Defendant moved for a directed verdict, and though this court granted that motion in part, as to the claim of willfulness, this court denied Defendant's motion as to the negligence claim against Defendant. (See Minute Entry 06/06/2024.) While the ultimate question of Defendant's negligence was one for the jury, (Verdict (Doc. 102) at 2), by submitting that issue to the jury, this court made a finding that there was at least enough of a factual basis for a reasonable jury to find Defendant acted negligently, (See Docket Entry 06/06/2024). See Int'l Ground Transp. v. Mayor & City Council of Ocean City, Md., 475 F.3d 214, 218 (4th Cir. 2007) ("Judgment as a matter of law is proper when the court determines that 'there is no legally sufficient evidentiary basis' for a reasonable jury to find for the non-moving party." (quoting Fed. R. Civ. P. 50(a))). The fact that Plaintiff did not ultimately persuade a jury does not, in itself, mean Plaintiff's claim was unreasonable and vexatious, nor does it show the element of "bad faith" required by Section 1927.

The facts of this case do not indicate misconduct by Plaintiff's attorney that caused an unreasonable and vexatious multiplication of proceedings. Six, 891 F.3d at 520. Plaintiff and Plaintiff's counsel's rejection of a settlement offer and subsequent pursuit of Plaintiff's claims through a jury trial and verdict do not constitute the sort of "bad faith" conduct necessary for an award of attorneys' fees under Section 1927. Though Plaintiff did not ultimately prevail, that result is also not grounds for liability under Section 1927. Additionally, even if Plaintiff's attorney should have realized sooner that the claim lacked merit, such a misjudgment, here, does not rise to the level of "compromis[ing] standards of professional integrity and competence." See In re Crescent City Ests., Inc., 588 F.3d at 831. This court has no doubt that Plaintiff's counsel, from out-of-state, substantially overestimated the value of his case, and his aggressive pursuit of the claim was obviously frustrating for opposing counsel. However, a mistake in judgment does not amount to bad faith or unreasonable or vexatious behavior. See id.; Six, 891 F.3d at 520.

This court finds that Defendant has not shown "bad faith" conduct by Plaintiff's counsel as required for an award of attorneys' fees under Section 1927. Accordingly, this court will

deny Defendant's motion for an award of attorneys' fees under 28 U.S.C. § 1927.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Cost and Fees, (Doc. 105), is **DENIED.**

This the 30th day of September, 2025.

William L. Osteen, Jr.
United States District Judge